IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

|  |  |  |
|---|---|---|
| CHRISTY N. OBIMAH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT** **(Jury Trial Demanded)** |
| AMERICAN RED CROSS, | ) ) | |
| Defendant. | ) ) ) | |

Plaintiff, complaining of the Defendant, alleges and says:

## I. INTRODUCTION AND JURISDICTION

1. This is an action seeking legal and equitable relief under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981"). Plaintiff was subjected to a hostile work environment based on her race during her employment with American Red Cross and was retaliated against for complaining about the discrimination.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. § 1343, this being a proceeding seeking to enforce rights and remedies secured by § 1981. Jurisdiction is also conferred upon this court by 28 U.S.C. §1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein which violate rights secured to the Plaintiff by § 1981.

## II. PARTIES

4. Plaintiff, Christy N. Obimah, is a naturalized black American citizen of Nigerian descent who resides in Charlotte, Mecklenburg County, North Carolina.

5. Defendant American Red Cross is a nationally recognized non-profit organization in the business of providing emergency medical relief, as well as blood collection. Defendant is an employer within the meaning of Title VII and § 1981.

### III. FACTS

6. Christy N. Obimah was hired on or about July 20, 2000 as a senior accountant by the American Red Cross where she was responsible for a number of accounting functions, but primarily accounts payable. At the time that she was hired, Plaintiff had earned an undergraduate degree in business and finance and a graduate degree in the masters of business administration.

7. Plaintiff's race is black and is of Nigerian ancestry.

8. During her employment, Plaintiff was subjected to a hostile work environment based upon her race. Plaintiff's co-workers and members of her management, including her immediate supervisor, subjected her to ridicule and stereotypical derogatory remarks about her race and ethnicity. On a number of occasions, she was told that she had better go back to Africa. Upon her return from a trip to Nigeria, where she went for her brother's funeral, she was told by a manager that he wished that Homeland Security would not let her back into the country. Beginning in 2010 and continuing, she was ridiculed on a regular basis because of her accent. She was often asked about and ridiculed about "Nigerian scams and Nigerian leaders being crooks."

9. Plaintiff sought help from Defendant's Human Resources Department to address the discriminatory conduct to which she had been subjected in August, 2015. Plaintiff noted that her working conditions deteriorated after she reported her complaints. Her work was more strictly scrutinized and she was ultimately terminated.

10. At all times during her employment, Plaintiff was a competent employee who went beyond the call of duty to get her work done, was prompt in arriving to work and worked through lunch hours, took on additional responsibilities, accomplished tasks and saved the organization

2

from substantial government and taxing authority's fines and penalties. She received performance evaluations which recognized her work ethic, dedication and hard work by her managers.

## IV. CLAIM FOR RELIEF

### First Cause of Action: Discrimination and Retaliation Under § 1981

11. Plaintiff re-alleges and incorporates herein the preceding paragraphs.

12. Defendant retaliated against the Plaintiff under § 1981 when it gave her notice in November, 2015 that her position would be terminated. Defendant's actions came less than three months after Plaintiff had alleged discriminatory conduct directed towards her. Plaintiff's actions in complaining about the discriminatory conduct is protected activity. As a result of engaging in that protected activity, Plaintiff suffered an adverse employment consequence, termination. Plaintiff's termination was motivated by her race and the fact that she had complained about the discriminatory treatment. Plaintiff's manager had used direct derogatory language regarding the Plaintiff's ancestry in several conversations with Plaintiff and in a discussion regarding Plaintiff's interest in a promotion.

13. Defendant's actions constitute retaliation based on her complaints under § 1981 and Defendant's action in terminating Plaintiff also constitute race discrimination under § 1981.

## V. JURY TRIAL DEMANDED

14. Plaintiff hereby demands a trial by jury.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the hostile work environment based on her national origin be remedied in full and that the court, after a jury trial:

a. Declare the actions complained of herein to be illegal;

b. Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its

3

direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of § 1981;

c.  Award Plaintiff compensatory damages, including lost past and future wages, lost employee benefits, including bonuses, vacation benefits, mental and emotional distress and other special and general damages according to proof;

d.  Award Plaintiff her costs and expenses in this action, including reasonable attorney's fees and other litigation expenses; and

e.  Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 14th day of November, 2018.

*/s/ Geraldine Sumter*

Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone:  (704) 375-8461
Facsimile:  (980) 938-4867
Email:  gsumter@fergusonsumter.com

Attorney for Plaintiff

4